**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO.  08-72687-MGD |
| PLY-MARTS, INC., | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TAMARA MILES OGIER AS | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | ADVERSARY PROCEEDING |
| | ) | |
| v. | ) | NO. _____ |
| | ) | |
| HOUSE OF FORGINGS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>COMPLAINT</u>

TAMARA MILES OGIER AS CHAPTER 7 TRUSTEE files this Complaint against

Defendant House of Forgings, LLC and shows this Honorable Court the following:

1.

Tamara Miles Ogier ("Trustee") is the duly appointed and qualified Trustee of the

above-styled bankruptcy case.

2.

House of Forgings, LLC ("Defendant") is subject to the jurisdiction and venue of

this Court and may be served pursuant to Fed. R. Bankr. P. 7004.

3.

This Adversary Proceeding arises out of and relates to the Chapter 7 Bankruptcy

Case of Ply-Marts, Inc., Case No. 08-72687-mgd on the docket of this Court.  This Court

has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §157 and §1334.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Court may, therefore, issue appropriate orders or judgments in this core proceeding.  Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.  This Court may issue the relief sought pursuant to 11 U.S.C. §§ 547, 549 and 550 and other applicable statutes and laws.

4.

On July 1, 2008 (the "Petition Date"), an involuntary petition for relief under Chapter 11 of the Bankruptcy Code was filed against Ply-Marts, Inc. ("Debtor").

5.

On September 3, 2008, the Court entered an Order for Relief under Chapter 11.  On September 3, 2008, the Court converted this case to Chapter 7 of the Bankruptcy Code, and Tamara Miles Ogier was appointed as Chapter 7 Trustee.

## COUNT I

### Preferential Transfers

6.

Plaintiff repeats and realleges its allegations in Paragraphs 1-5 of this Complaint as if fully set forth herein.

7.

During the ninety days prior to the Petition Date, Debtor transferred to the Defendant at least the sum of $23,417.18 (said transfer(s) hereinafter referred to as "the Preferential Transfers").  To the extent the Trustee discovers the existence of additional preferential transfers to Defendant within the ninety (90) days prior to the Petition Date, the Trustee intends to recover all such transfers, and this complaint is not limited to those transfers disclosed as part of the defined term.

8.

The Preferential Transfers were transfers of interests in property of the Debtor.

9.

The Preferential Transfers were made to or for the benefit of a creditor, the Defendant.

10.

The Preferential Transfers were for or on account of an antecedent debt owed by the Debtor to the Defendant before the Preferential Transfers were made.

11.

The Preferential Transfers were made while the Debtor was insolvent.

12.

The Preferential Transfers were made within ninety (90) days before the date of the filing of the filing of Debtor's bankruptcy petition.

13.

The Preferential Transfers enabled the creditor, Defendant, to receive more than such creditor would receive under Chapter 7 of title 11 of the Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) if the Preferential Transfers had not been made and such creditor received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

14.

Pursuant to 11 U.S.C. § 547, the Preferential Transfers are avoidable by the Trustee and should be preserved for the Estate pursuant to 11 U.S.C. § 551.

15.

Pursuant to a letter dated March 19, 2010, the Trustee made demand upon Defendant for turnover of the Preferential Transfers.  A true and correct copy of said letter is attached hereto as Exhibit "A."

16.

To date, the Defendant has failed to remit any funds to the Trustee.

17.

Pursuant to the provisions of 11 U.S.C. §§ 547 and 550 Defendant is liable to the Trustee for the value of the Preferential Transfers in an amount not less than $23,417.18, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law.

## COUNT II

### Gap Period Transfers

18.

Plaintiff repeats and realleges its allegations in Paragraphs 1-17 of this Complaint as if fully set forth herein.

19.

During the period between the Petition Date, and the entry of the Order for Relief (the "Gap Period"), Debtor transferred to the Defendant at least the sum of $6,666.12 (said transfer(s) hereinafter referred to as "the Gap Transfers").  To the extent the Trustee discovers the existence of additional transfers to Defendant within the Gap Period, the Trustee intends to recover all such transfers, and this complaint is not limited to those transfers disclosed as part of the defined term.

20.

The Gap Transfers occurred after the commencement of the case, July 1, 2008.

21.

The Gap Transfers were only authorized under section 303(f) or 542(c) of this the

Bankruptcy Code or, alternatively, were not authorized by the Court or the Bankruptcy Code.

22.

Upon information and belief, no value other than satisfaction of a debt that arose before

the commencement of the case was given in exchange for the Gap Transfers.

23.

Pursuant to 11 U.S.C. § 549, the Gap Transfers are avoidable by the Trustee and

should be preserved for the Estate pursuant to 11 U.S.C. § 551.

24.

Pursuant to a letter dated March 19, 2010, the Trustee made demand upon Defendant

for turnover of the Gap Transfers.  A true and correct copy of said letter is attached hereto as

Exhibit "A."

25.

 To date, the Defendant has failed to remit any funds to the Trustee.

26.

Pursuant to the provisions of 11 U.S.C. §§ 549 and 550 Defendant is liable to the

Trustee for the value of the Gap Transfers in an amount not less than $6,666.12, plus pre-

judgment interest allowed by law from the date of the demand letter, plus all post judgment

interest allowed by law.

**WHEREFORE,** Plaintiff prays this Honorable Court:

1. As to Count I of the Complaint, order the Preferential Transfers not subject to applicable defenses be avoided pursuant to 11 U.S.C. § 547 and preserved for the Estate pursuant to 11 U.S.C. § 551;

2. As to Count I of the Complaint and pursuant to 11 U.S.C. § 550, enter an Order and Judgment in favor of Plaintiff and against Defendant in the sum of $23,417.18 for Preferential Transfers, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law;

3. As to Count II of the Complaint Order the Gap Transfers not subject to applicable defenses be avoided pursuant to 11 U.S.C. § 549 and preserved for the Estate pursuant to 11 U.S.C. § 551;

4. As to Count II of the Complaint and pursuant to 11 U.S.C. § 550, enter an Order and Judgment in favor of Plaintiff and against Defendant in the sum of $6,666.12 for Gap Transfers, plus pre-judgment interest allowed by law from the date of the demand letter, plus all post judgment interest allowed by law; and

5. Grant Plaintiff such further and additional relief as this Court deems appropriate.

ELLENBERG, OGIER,
ROTHSCHILD & ROSENFELD, P.C.

By: _/s/ Tamara Miles Ogier_
Tamara Miles Ogier
Georgia Bar No. 550355

By: _/s/ Allen Rosenfeld_
Allen P. Rosenfeld
Georgia Bar No. 614451

170 Mitchell Street, SW
Atlanta, Georgia 30303-3424
(404) 525-4000
apr@eorrlaw.com

# ELLENBERG, OGIER
# ROTHSCHILD & ROSENFELD, P.C.

Exhibit A

ALLEN ROSENFELD
apr@eorrlaw.com

170 MITCHELL STREET, S.W.
ATLANTA, GEORGIA  30303
404-525-4000 PHONE
404-526-8855 FACSIMILE
www.eorrlaw.com

March, 19, 2010

House of Forging
A/R Specialist - Johnnie H.
PO Box 840383
Dallas, TX 75284-0383

Re:    In re: Ply-Marts, Inc., Chapter 7 Case No. 08-72687-mgd, Northern
District of Georgia, Atlanta Division

Dear Sir or Madam,

This firm represents Tamara Miles Ogier as Trustee (the "Trustee") in the case identified above.  This case was filed as an involuntary bankruptcy on July 1, 2008 and the Order for Relief was entered on September 2, 2008.  According to the Bankruptcy Code, the Trustee is authorized to recover, with certain exceptions, any transfers made by the Debtor within 90 days prior to the filing of the petition and any transfers made between the filing of the petition and the entry of the Order for Relief (the "gap period"). See 11 U.S.C. §§ 547 and 549.

A review of the Debtor's financial records indicates that you received $23,417.18 within 90 days of the filing of the bankruptcy petition and $6,666.12 during the gap period.  Accordingly, demand is made for turnover of said amounts within ten (10) days from the date of this letter.  If we do not receive the sums demanded we will have no choice but to proceed with litigation to recover these amounts.  Of course, if you believe you have any defenses, please provide those within ten days from the date of this letter.

If you would like to discuss this matter further, please contact me at your earliest convenience but not later than ten days from the date of this letter.

Sincerely,

ELLENBERG, OGIER,
ROTHSCHILD & ROSENFELD, P.C.

By: _____
Allen Rosenfeld